UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER ALSOP,

                Petitioner,

   v.
                                            9:18-CV-1233
                                            (GTS)
WARDEN,

                Respondent.

---

APPEARANCES:                                     OF COUNSEL:

CHRISTOPHER ALSOP
03078-061
Petitioner, pro se
Cumberland Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

HON. GRANT C. JAQUITH                    THOMAS SPINA, JR., ESQ.
United States Attorney                          WILLIAM F. LARKIN, ESQ.
Northern District of New York              Assistant U.S. Attorneys
Federal Building
100 South Clinton Street
Syracuse, New York 13261

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Petitioner Christopher Alsop filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 and paid the statutory filing fee. Dkt. No. 1, Petition ("Pet."); Dkt. Entry dated

10/18/19 (identifying receipt information for the paid filing fee). At the time of his filing,

petitioner was confined at the Federal Correctional Institution ("FCI") in Ray Brook, New

York; however, he has since been transferred to Cumberland FCI in Maryland. Dkt. Nos. 3-5 (updating the Court with change of address and transit notices).

## II. RELEVANT BACKGROUND

### A. Underlying Criminal Proceedings

On October 21, 1998, a grand jury in the Southern District of Ohio indicted petitioner "in a four-count indictment for conspiracy to distribute cocaine base (crack) pursuant to 21 U.S.C. § 846, and for unlawful distribution of crack cocaine pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and (b)(1)(B)(iii)." *United States v. Alsop*, 12 Fed. App'x. 253, 256 (6th Cir. 2001); *see also United States v. Alsop*, No. 1:98-CR-108 ("Cr. Dkt.), Dkt. No. 8, Indictment. Petitioner pled not guilty, proceeded to trial, and, on March 18, 1999, was found guilty on all four counts. Cr. Dkt. Nos. 10-12 (arraignment); 60-69 (minutes of trial proceedings); 71 (verdict).

On August 3, 1999, petitioner was sentenced to 360 months on each count, to run concurrently, and be followed by ten years of supervised release. *United States v. Alsop*, No. 1:98-CR-108, 2011 WL 319954, at *1 (S.D.Oh. Jan. 28, 2011) (citing Cr. Dkt. No. 90). Because petitioner was previously convicted of robbery and transportation of cocaine base, the court found that petitioner qualified as a career offender. *Id.*

### B. Direct Appeal

Petitioner filed a Notice of Appeal that same day and, on May 7, 2001, the United States Court of Appeals for the Sixth Circuit affirmed the conviction. *Alsop*, No. 1:98-CR-108, 2011 WL 319954, at *2 (citing Crim. Dkt. Nos. 91, 118); *Alsop*, 12 Fed. App'x at 262. He then petitioned the United States Supreme Court for a writ of certiorari which, on October 1, 2001, the Supreme Court denied. *Alsop*, 12 Fed. App'x 253. *cert. denied,* 534 U.S. 916 (2001); *see also* Cr. Dkt. Nos. 119 & 120.

### C. Habeas Petition Pursuant to 28 U.S.C. § 2255

Petitioner next filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. Cr. Dkt. Nos. 121-132. On July 30, 2004, the motion was denied. *Id.* at 133. On August 26, 2004, petitioner appealed the decision. *Id.* at 134. On June 14, 2005, petitioner's application was denied. *Id.* at 138.

Thereafter, petitioner filed a motion with the Sixth Circuit requesting permission to file a successive § 2255 motion. Cr. Dkt. No. 134. The application was denied on February 27, 2017. *Id.* at 175.

Petitioner then challenged his "career-offender designation on the basis of *Johnson v. United States* . . . in which the Supreme Court held that the residual clause of the definition of 'violent felony' in the Armed Career Criminal Act ("ACCA") . . . [wa]s unconstitutionally vague," by filing a second application for permission to file a subsequent habeas petition. Crim. Dkt. No. 191 at 1. The Sixth Circuit noted that petitioner "was sentenced under the Sentencing Guidelines, and not the ACCA," however, petitioner's argument was "that the residual clause of the definition of 'crime of violence' in the Guidelines is similar to the ACCA's residual clause and that *Johnson* should apply to his sentence." *Id.* Further, petitioner argued that his robbery conviction "no longer qualife[d] as a predicate offense," for career offender status. *Id.* The Sixth Circuit denied petitioner's motion for authorization to file a second habeas petition because petitioner "c[ould] not demonstrate that *Johnson* invalidate[d] his prior robbery conviction from qualifying as a predicate offense [for career offender status]." *Id.* at 2-3.

4

### D. Prior § 2241 Motion

On September 26, 2017, petitioner then filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania. *Alsop v. Lane*, No. 3:17-CV-1737, Dkt. No. 1, Petition. Petitioner argued that he had been incorrectly sentenced as a career offender because, given the changes in legal precedent – due to *Johnson*, *Mathis v. United States, Descamps v. United States*, and *United States v. Yates* – his underlying state criminal conviction of robbery was no longer a crime of violence sufficient to elevate the petitioner to career offender status. *Id.* at 2-3. Specifically, petitioner argued that § 2241 applied to his pending petition because (1) he was sentenced under the mandatory guidelines regime pre-*Booker* so he was unable to invoke *Johnson, Mathis,* and *Yates*, as they had not been decided during his first § 2255 petition and (2) the case has been deemed to retroactively apply in *Hill v. Werlinger*, 695 F.3d 644 (7th Cir. 2012). *Id.* at 3-6. Accordingly, petitioner sought re-sentencing without the career offender designation, which, based upon the time he had already been incarcerated, would result in his immediate release. *Id.* at 7.

The District Court from the Middle District of Pennsylvania denied the petition. *Aslop v. Lane*, No. 3:17-CV-1737, 2017 WL 7513348 (M.D.Pa. Oct. 6, 2017). The court outlined that petitioner could not demonstrate that a § 2255 petition was inadequate or ineffective because (1) his prior § 2255 motion was denied or (2) he was previously unable to receive permission, pursuant to §§2244 and 2255(h), to file a successive petition by the appropriate Circuit Court. *Id.,* 2017 WL 7513348 at *2. Moreover, petitioner could not "avoid the statutory limitations imposed on successive § 2255 motions merely by styling his claims as a § 2241 petition instead." *Id.* The court explained that: (1) the petition "f[e]ll[] outside the

scope of the savings clause," because "[c]hallenges to enhancements . . . are generally cognizable under . . . and thus must be raised by a § 2255 motion;" (2) the case upon which petitioner relies, *Johnson*, "was a constitutional ruling, not an exercise of statutory interpretation;" and (3) "the *Johnson* ruling merely dealt with sentencing and did not decriminalize the offenses for which [petitioner] was convicted[.]" *Id.* Petitioner did not appeal the decision. *See* Dkt. Sheet from *Alsop v. Lane*, No. 3:17-CV-1737.

## III.   THE PRESENT PETITION

In his present petition, petitioner again asserts identical arguments which he proffered to the Middle District of Pennsylvania. Specifically, petitioner contends that he "could not raise his claim (that his prior robbery was not a crime of violence) because he was foreclosed by binding precedent." Pet. at 2-3. Further, petitioner again relies on *United States v. Mansur, United States v. Yates,* and *Hill v. Masters* to support his claim that § 2255 is inadequate to address his needs "because § 2255(h) precludes [petitioner] from filing an additional § 2255 petition[.]" *Id.* at 3. Petitioner again alleges that "because he was sentenced under the mandatory guideline regimen pre-*Booker* . . . [and] could not have invoked . . . *Johnson . . ., Descamps . . .,* and *. . . Yates*, . . . because [they] . . . had not been decided," he falls under the Savings Clause. Pet. at 4. It was only after these cases were decided that case law evolved to the point petitioner's prior robbery conviction was no longer deemed a crime of violence, rendering his title as a career offender improper and the length of his sentence, due to said enhancement, unlawful. *Id.* at 4-5.

Respondent opposes the petition, contending that the petition is actually another attempt at filing a successive § 2255 petition attacking petitioner's underlying sentence. Dkt. No. 20, Respondent's Memorandum of Law in Opposition ("R. Mem."), at 5-12. Respondent

6

also contends that the petition is precluded due to collateral estoppel. *Id.* at 13. Finally, respondent argues that the petition should have been brought before the sentencing court, accordingly, the petition should be dismissed or transferred. *Id.* at 12-13, 14-15.

Petitioner filed a reply. Dkt. No. 22, Traverse. Petitioner clarifies that at the time both of his prior applications to file successive petitions were submitted to the Sixth Circuit, "petitioner was still a career offender:" it was only after the second application was denied that the law changed. *Id.* at 3. Specifically, petitioner asserts *Yates* is the "intervening case law [which] . . . allow[s] petitioner to argue he's no longer a career offender." *Id.* Petitioner also contends that transferring the case is inappropriate. *Id.* at 3. Finally, petitioner proffers that he "can demonstrate actual innocence of the career offender enhancement," which produced his defective sentence now requiring remediation. *Id.* at 5.

## IV. DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'" *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a)); *Adams*, 372 F.3d at 134. A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); *Williams v. Winn*,

7

No. 4:05-CV- 4010, 2005 WL 1541099, at *1 (D. Mass. June 30, 2005) ("[As] Section 2255 is the correct vehicle for challenging the legality of a sentence . . . this Court is without jurisdiction under section 2241 to correct petitioner's sentence."). If the motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing. Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts); Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings.").

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

Here, petitioner is challenging the imposition of his sentence, and not its execution. Accordingly, the petition should be brought pursuant to § 2255.

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under section 2241 if he or she can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve

8

habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.'" *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363); *see Adams*, 372 F.3d at 135 (holding that the remedy under section 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition") (emphasis in original); *Triestman*, 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' . . . then Congress would have accomplished nothing at all in its attempts–through statutes like the AEDPA–to place limits on federal collateral review.").

Here, petitioner contends this is such a case. Specifically, petitioner argues that the Savings Clause of § 2241 allows his petition challenging his career offender status, and subsequent sentencing consequences, to move forward because § 2255 is both unavailable and inadequate. Respondent asserts that petitioner previously raised the identical arguments in his prior § 2241 petition filed in the Middle District of Pennsylvania. Accordingly, respondent argues that collateral estoppel precludes the present petition. However, collateral estoppel and res judicata do not apply in the habeas corpus context. *See Lewis v. McElroy*, 294 F. App'x 637, 640 (2d Cir. 2008) ("It is well-settled that res judicata has no application in the habeas corpus context . . . The government . . . has argued

9

only, and incorrectly, that collateral estoppel applies."); *see also Rios v. Perdue*, No. 9:12-CV-0943 (LEK/ATB), 2013 WL 6195752, at *2 (same).

"Rather, the Supreme Court has been very clear that with respect to subsequent habeas petitions, abuse of the writ is a substitute for res judicata[ and collateral estoppel.]" *Lewis*, 294 F. App'x at 640; *Rios*, 2013 WL 6195752, at *2.

> Generally, the government bears the burden of pleading abuse of the writ. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *see also Lewis v. McElroy*, 294 F[.] App[']x. 637, 640 (2d Cir.2008). Nevertheless, this procedural rule that places the burden on the government does not prevent district courts from invoking the doctrine *sua sponte*, so long as the district court conforms to the same "clarity and particularity requirements set forth in *McClesky*." *Femia v. United States*, 47 F.3d 519, 523 (2d Cir.1995) (internal quotation marks omitted). Before invoking the doctrine *sua sponte*, district courts must provide notice, except in circumstances where the petition, liberally construed, "admits of no possibility of actual prejudice." *Id.* at 524.

*Garcia v. Dept. of Homeland Sec.*, 422 F. App'x. 7, 7–8 (2d Cir. 2011). In sum, "[d]istrict courts have the power to dismiss a *habeas corpus* petition *sua sponte* for abuse of the writ by barring claims that could have been or *were raised* in an earlier habeas petition." *United States v. Lugo*, 100 F. Supp. 3d 285, 291 (E.D.N.Y. 2015) (internal citation marks and questions omitted); *see also Rios*, 2013 WL 6195752, at *2 ("Under the common law 'abuse of the writ' doctrine, a court has discretion to dismiss a § 2241 habeas petition that has been premised on mere 'repetition of a previously asserted claim.'") (citing *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004)).

Here, dismissal of the instant petition is warranted because it is an abuse of the writ. The habeas petition recycles the same arguments, based on the same cases, as those which were previously decided in the Middle District of Pennsylvania. Petitioner does not

10

presently argue any change of facts or circumstances, or identify any new or relevant intervening changes in the law which would warrant this Court considering his claim anew. Accordingly, no prejudice will ensue from the Court's *sua sponte* invocation of the doctrine because the question of whether petitioner's present argument should entitle him to the Savings Clause has already been answered by the Middle District of Pennsylvania. Instead of appealing that adverse decision to the Third Circuit, the petitioner waited ten months to re-file the petition after he had been transferred to a different jurisdiction, the Northern District of New York. "This [p]etition is essentially an attempt to get another bit at the apple[.]" *See Agoro v. United States*, No. 1:09-CV-1818, 2011 WL 1330771, at *3 (concluding the abuse of the writ doctrine compelled dismissal where "petitioner br[ought] the identical claims immediately after the Court's dismissal of his [prior habeas claims.]"). Given the equitable nature of habeas corpus cases, petitioner's conduct in continuing to file the same claims which were previously considered and denied by a competent court in another jurisdictions also precludes him from relief. *See Esposito v. Ashcroft*, 288 F. Supp. 2d 292, 296-97 (E.D.N.Y. 2003), *judgment aff'd*, 392 F.3d 549 (2004) (discussing how a petitioner's conduct in failing to appeal a ruling he subsequently argues in incorrect had a significant bearing on determining he abused the writ).[1]

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

---

[1] Because the present petition is dismissed under the abuse of the writ doctrine, the parties' alternative arguments about the availability and adequacy of § 2255 and whether the case should have been transferred to a different court need not be evaluated.

11

**ORDERED** that a certificate of appealability be **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

Dated: August 22, 2019
     Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge